IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

MIDDLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:12-cr-00131-CLS-PWG |
| | ) | |
| ANGELICA MARIA CONDE | ) | |

PLEA AGREEMENT

The Government and defendant, ANGELICA MARIA CONDE, hereby acknowledge the following plea agreement in this case:

PLEA

The defendant agrees to plead guilty to **COUNTS ONE and TWO** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **IX** and **X**.

TERMS OF THE AGREEMENT

I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may

be imposed for the crime of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 846, 841(a)(1) and (b)(1)(A), as charged in COUNT ONE, is:

    a. Imprisonment for no less than 10 years and no more than Life or both each count;

    b. A fine of not more than $10,000,000, or,

    c. Both (a and b);

    d. Supervised release of no less than 5 years; and

    e. Special Assessment Fee of $100 per count.

The defendant further understands that the maximum statutory punishment that may be imposed for the crime of Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), as charged in COUNT TWO, is:

    a. Imprisonment for no less than 10 years and no more than Life or both each count;

    b. A fine of not more than $10,000,000;

    c. Supervised release term of no less than 5 years; and

    d. Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On June 26, 2010, Dekalb County Sheriff's Department Sgt. Gary Brown observed a car driving into the opposing lane of oncoming traffic on Dekalb County Road 471. Sgt. Brown initiated a traffic stop and asked the female driver and her male passenger for identification. The driver was Angelica Maria Conde and her passenger was Bartolo Villanueva. Sgt. Brown noticed several alcoholic beverage containers in the passenger side floorboard. Sgt. Brown asked who the car belonged to and Conde said it was Villanueva's. Sgt. Brown then asked if either occupant had been drinking, to which Conde replied that she had not but that Villanueva had been. Conde was issued a citation for driving on the wrong side of the road.

Sgt. Brown then asked Conde if there was anything illegal in the car and Conde replied that there was not. Sgt. Brown asked for permission to search the car and Conde said that she did not care if the car was searched but again stated that the car belonged to Villanueva. Reserve Deputy Jones, who had arrived on the scene, asked Villanueva for permission to search and he gave his permission. As Villanueva exited the vehicle, he tried to take a pizza box with him. Deputy Jones told him to leave it in the car.

Defendant's Initials _AMC_

Inside the vehicle, Sgt. Brown found a handheld Taser under the driver's seat, and several empty and full beer cans. Sgt. Brown then noticed a Little Caesar's bread sticks bag lying next to the pizza box. Inside was the box for the Taser, and inside the box was 210.2 grams of actual methamphetamine.

Dekalb County Drug Task Force Agent Jimmy Jones arrived on the scene, and after being advised of her rights pursuant to *Miranda*, Conde gave a statement claiming the methamphetamine. She further stated that in May of 2009, she started dealing with "Chava" (Salvado Villa Rodruiguez) who had the "best dope" around. Conde stated that she would drive "Chava" around Dekalb and Marshall Counties to deliver methamphetamine and in return he would give her one to two ounces. She then started working for Albertos LNU and his nephew Poncho LNU. She served as the intermediary between them and Bobby Emery. Emery was getting a pound of methamphetamine from the two at a time. The methamphetamine that was found in the bread sticks bag was given to Conde by Emery for safekeeping. Conde understood it to be a half a pound. Emery was supposed to get the methamphetamine back from Conde on the evening she was arrested.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do**

not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

*Angelica M. Conde*
ANGELICA MARIA CONDE

## III. COOPERATION BY DEFENDANT:

The defendant agrees to waive the Fifth Amendment privilege against self-incrimination and to provide TRUTHFUL AND COMPLETE INFORMATION to the government concerning all aspects of the charged crimes, including, but not limited to, the defendant's role and participation in the offenses, as well as the roles and the participation of all other persons involved in these crimes of whom the defendant has knowledge. The defendant agrees to testify against all of those individuals at any time requested by the government, including at any Grand Jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, trial, retrial, or post-trial hearing. ALL SUCH INFORMATION AND TESTIMONY SHALL BE TRUTHFUL AND HONEST AND WITH NO KNOWING MATERIAL FALSE STATEMENTS OR OMISSIONS.

Further, the defendant agrees to provide assistance and cooperation to the government as defined and directed by the Drug Enforcement Administration

or any other investigative agency or body as the United States Attorney for the Northern District of Alabama may authorize, which cooperation may include the defendant's periodic submission to a polygraph examination to determine the truthfulness and accuracy of the defendant's statements and information.

IV. <u>MOTION PURSUANT TO USSG § 5K1.1 AND/OR 18 U.S.C. § 3553(e)</u>:

In the event the defendant provides assistance that rises to the level of "substantial assistance," as that term is used in USSG § 5K1.1, the government agrees to file a motion requesting a downward departure in the calculation of the defendant's advisory guideline sentence. Should any of the counts of conviction subject the defendant to a mandatory minimum sentence, the government may also seek a sentence reduction below said mandatory minimum sentence, by including in its motion a recommendation pursuant to the provisions of 18 U.S.C. § 3553(e). The defendant agrees that the determination of whether defendant's conduct rises to the level of "substantial assistance" and/or whether defendant's conduct merits consideration under 18 U.S.C. § 3553(e) lies solely in the discretion of the United States Attorney's Office. Furthermore, the defendant agrees that the decision as to the degree or extent of the downward departure requested, if any, also lies in the sole discretion of the United States Attorney's Office.

**Any motion pursuant to 5k1.1 and/or 18 U.S.C. § 3553(e) will be filed before the defendant's sentencing hearing and will outline all material assistance which the defendant has provided. The defendant clearly understands and acknowledges that because the defendant's plea is being offered in accordance with Rule 11(c)(1)(B), <u>Fed.R.Crim.P.</u>, the Court will <u>not be bound</u> by the government's recommendation and may choose not to reduce the sentence at all.**

## V. <u>RECOMMENDED SENTENCE</u>

Subject to the limitations in paragraph X regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government, **in the absence of "substantial assistance" by the defendant**, will recommend the following disposition:

    (a)    That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

    (b)    That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

 (c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3;

 (d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

 (e) That the defendant pay a special assessment fee of $200, said amount due and owing as of the date sentence is pronounced.

## VI. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

In consideration of the recommended disposition of this case, I, **ANGELICA MARIA CONDE, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture**

orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, ANGELICA MARIA CONDE, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Angelica M Conde*
**ANGELICA MARIA CONDE**

## VII. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VIII. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant

understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## IX. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## X. <u>SUBSEQUENT CONDUCT</u>

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraphs IV and V of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## XI. <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## XII. <u>COLLECTION OF FINANCIAL OBLIGATION</u>

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XIII. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XIV. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

## XV. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of sixteen (16) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _None_

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_5/23/12_
/DATE

_Angelica M Conde_
ANGELICA MARIA CONDE
Defendant

## XVI. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the on the terms and conditions set forth herein.

23 MAY 2012
DATE

DAVID LUKER, ESQ.
Defendant's Counsel

## XVII. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

5-25-2012
DATE

MARY STUART BURRELL
Assistant United States Attorney